UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY S. DOUGLAS,

    Plaintiff,

v.                                                           Case No:   6:13-cv-1943-Orl-40GJK

ZACHRY INDUSTRIAL, INC. and
ROBERT ALLEN SANDERS,

    Defendants.

## ORDER

This cause comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs (Doc. 146), filed September 29, 2015. Defendants responded in opposition on October 6, 2015 (Doc. 149), and Plaintiff replied on October 28, 2015 (Doc. 155). Upon consideration, the Court grants Plaintiff's Motion for Attorney's Fees and Costs.

**I.  BACKGROUND**

On November 1, 2011, Defendant Robert Sanders, while acting within the course and scope of his employment, negligently operated the truck provided to him by Defendant Zachry Industrial, Inc. ("Zachry Industrial"), causing a collision with Plaintiff Timothy Douglas' vehicle. (Doc. 59, ¶¶ 3). Defendants admitted liability at trial and the case proceeded on the issues of causation and comparative fault. (*Id.*). Following a five-day jury trial, the jury returned a verdict on September 14, 2015 in favor of Plaintiff and awarded $6,560,000.00 in economic and non-economic damages. (Doc. 142).

On June 19, 2015, Plaintiff transmitted via email a proposal for settlement to Zachry Industrial, offering to settle Plaintiff's lawsuit against Zachry Industrial for $1,600,000.00. (Doc. 146-1). The proposal for settlement specifically stated that it was

1

being served upon opposing counsel, but the proposal would not be filed with the Court unless it became necessary to enforce the provisions of the document. (*Id.*); *see also* Fla. R. Civ. P. 1.442(d). Zachry Industrial ultimately rejected Plaintiff's proposal for settlement and the parties proceeded to trial. Plaintiff now moves to recover attorney's fees and costs from Zachry Industrial due to its rejection of Plaintiff's proposal, as the amount Plaintiff recovered at trial was at least 25% greater than his June 19, 2015 offer. *See* Fla. Stat. § 768.79(1). Plaintiff additionally moves to recover costs incurred for the entirety of the litigation from both Defendants as a prevailing party. *See* 28 U.S.C. § 1920.

## II.     DISCUSSION

### A.     Enforceability of Plaintiff's Proposal for Settlement

Zachry Industrial submits that Plaintiff is not entitled to attorney's fees and costs pursuant to § 768.79(1), Florida Statutes, because Plaintiff failed to comply with Florida Rule of Judicial Administration 2.516 in serving the proposal for settlement, rendering the proposal a nullity. (Doc. 149, ¶ 3). Zachry Industrial supports its argument that the proposal for settlement is defective by referring to Florida Rule of Judicial Administration 2.516(b)(1), which provides that "[a]ll documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides." Rule 2.516(b)(1)(E)(i) requires the party serving a document to use, in the subject line of the e-mail, the words "SERVICE OF COURT DOCUMENT." It is undisputed that Plaintiff's email to Zachry Industrial does in fact state "service of court document" in the subject line, but the operative words are all in lower case. (Doc. 149-1). Zachry Industrial submits that Plaintiff was required to comply with Florida Rule of Judicial Administration 2.516, that proposals for settlement are strictly construed, and Plaintiff's failure to capitalize the words "service of court document" renders the proposal a legal

2

nullity. (Doc. 149, pp. 7–8).

Zachry Industrial relies principally upon two cases: *Floyd v. Smith*, 160 So. 3d 567 (Fla. Dist. Ct. App. 2015), and *Matte v. Caplan*, 140 So. 3d 686 (Fla. Dist. Ct. App. 2014). The Court in *Floyd* was concerned with whether the failure to include a certificate of service in a proposal for settlement rendered the document ineffective. *Floyd*, 160 So. 3d at 568. The Court recognized that both section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 must be strictly construed because they are in derogation of the common law regarding attorney's fees. *Id.* However, the Court concluded that the applicable rules no longer required a certificate of service and noted that the rules now require "[e]very pleading, subsequent to the initial pleading, all orders, and **every other document filed in the action** [to] be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516." *Id.* at 569 (emphasis added). Indeed, Rule 2.516(a) provides that "every pleading subsequent to the initial pleading and every other document **filed in any court proceeding** . . . must be served in accordance with this rule on each party" (emphasis added). Interestingly, both the *Floyd* decision and the plain language of Rule 2.516 appear to contradict Zachry Industrial's position that a proposal for settlement must comply with the email service rules, as a proposal for settlement is not to be filed with the court. The *Floyd* Court also quite significantly observed that the "Appellant d[id] not challenge the e-mail service of the proposal for settlement or assert any violation of rule 2.516(b)(1)(E)" in that particular case. *Id.* Hence, the Court never directly addressed the specific circumstance Zachry Industrial presents here: whether a proposal for settlement served upon opposing counsel must comply with Rule 2.516.

In *Matte*, the plaintiff emailed opposing counsel a copy of a motion for sanctions under section 57.105, Florida Statutes. *Matte*, 140 So. 3d at 688. However, the email

failed to contain the words "service of court document" in the subject line in capital letters. *Id.* Accordingly, the Court declined to enforce the motion, holding "that strict compliance with Florida Rule of Judicial Administration 2.516 regarding e-mail service of pleadings is required before a court may assess attorney's fees pursuant to section 57.105, Florida Statutes." *Id.* at 689–90. Zachry Industrial therefore suggests that, just like a motion for attorney fees pursuant to section 57.105, a motion for fees and costs brought as a result of a proposal for settlement must comply with Rule 2.516.

As Plaintiff points out in his response, Rule 2.516 does not apply to proposals for settlement for two primary reasons. (Doc. 155, p. 2). First, the parties clearly stipulated in the joint pretrial statement that "the Federal Rules of Civil Procedure and the Federal Rules of Evidence apply in this case." (Doc. 59, ¶ 13). The parties' stipulation reflects a correct statement of the law, because federal courts sitting in diversity apply state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Section 768.79 is substantive for *Erie* purposes. However, Florida Rule of Civil Procedure 1.442 and Florida Rule of Judicial Administration 2.516 are clearly procedural rules that do not apply in diversity. The Federal Rules of Civil Procedure do not govern the manner in which the proposal for settlement is served upon opposing counsel, and to the extent Florida Rule of Civil Procedure 1.442 and Florida Rule of Judicial Administration 2.516 govern the method for conveying the proposal for settlement to opposing counsel, those procedural rules have no effect in federal diversity cases.

Second, Plaintiff correctly observes that Florida Rule of Civil Procedure 1.442(d) states that a proposal for settlement "shall not be filed" with the Court unless necessary to enforce the provisions of this rule. While Florida Rule of Judicial Administration 2.516 requires service of documents in state court via electronic mail, this rule applies only to

documents "filed" in state court; hence, the rule provides "every pleading . . . filed in any court proceeding . . . must be served in accordance with this rule on each party." Fla. R. Jud. Admin. 2.516(a). Further, the words "[a]ll documents required or permitted to be served on another party must be served by e-mail," contained in Rule 2.516 (b)(1), must be read to incorporate the limiting language "filed in any court proceeding," found in Rule 2.516(a). (*Id.*).

The Court agrees with Plaintiff's interpretation of Rule 2.516 and disagrees with the holding in *Matte v. Caplan* to the extent it incorrectly applies the electronic service requirements found in Rule 2.516 to a motion for attorney's fees under section 57.105. That is, similar to a proposal for settlement, a motion for attorney's fees under section 57.105 is not filed with the Court unless and until the movant seeks to enforce the motion's provisions. Accordingly, the electronic service requirements found in Rule 2.516 do not apply to a motion served under either section 57.105 or section 768.79, Florida Statutes. It is this Court's view that the *Matte* decision overlooked the limiting language—"filed in any court proceeding"—and reached an incorrect conclusion as a result.

Further, since *Matte* does not specifically pertain to proposals for settlement, this Court is not bound to follow its holding and declines to do so in this case. In *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009) (per curiam), the Eleventh Circuit held that Florida district courts sitting in diversity are required to follow all Florida intermediate state appellate courts unless there is persuasive evidence that the Florida Supreme Court would rule otherwise. Even if *Matte* could be said to apply to a proposal for settlement, the plain language of Florida Rule of Civil Procedure 1.442 and Florida Rule of Judicial Administration 2.516, along with the *Floyd* Court's ruling that the email service rules do not apply to documents not filed with a court, clearly undermine the

holding in *Matte* and provides persuasive evidence that the Florida Supreme Court would also decline to follow *Matte* and instead apply the plain and unambiguous language of the rules.

### B. Ambiguity in the Proposal for Settlement

Zachry Industrial also contests the validity of the proposal for settlement on the ground that the proposal is not sufficiently clear to have allowed Zachry Industrial to make a decision without needing clarification. (Doc. 149, p. 11). Zachry Industrial cites paragraph 4 of the proposal for settlement wherein Plaintiff proposes to resolve all claims against Zachry Industrial in exchange for payment of a sum of money and offers a judgment in Plaintiff's favor against Zachry Industrial, with the judgment being in the exact same amount as the settlement. (*Id.*). Based upon this alleged ambiguity, Zachry Industrial contends it could not reasonably make an informed decision on the impact of the acceptance of Plaintiff's proposal without further clarification. (*Id.*).

Section 768.79(2), Florida Statutes, sets forth the elements of a proposal for settlement. According to that provision, a proposal for settlement must:

> (a) Be in writing and state that it is being made pursuant to this section.
>
> (b) Name the party making it and the party to whom it is being made.
>
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d) State its total amount.
>
> The offer shall be construed as indicating all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(2). Upon review, the proposal for settlement clearly sought payment of $1,600,000.00 within twenty days of acceptance, entry of judgment in favor of Plaintiff

6

against Zachry Industrial in the same amount, and otherwise complied with the requirements of section 768.79(2). It is difficult to fathom how Zachry Industrial could claim that it lacked the ability to make an informed decision regarding the impact of the proposal for settlement based on these clear terms. The Court therefore finds Plaintiff's proposal for settlement to be enforceable.

### C.     Reasonableness of Attorney's Fees and Costs

Plaintiff seeks to recover attorney's fees and costs he incurred in the prosecution of this case pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, Local Rule 4.18, and section 768.79, Florida Statutes.[1] Plaintiff submits in support of his motion the following materials:

   (1)    Affidavit of W. Doug Martin (Doc. 147)

   (2)    Timesheet for Kenneth J. McKenna (Doc. 147-1)

   (3)    Timesheet for Donna M. Charrier (Doc. 147-2)

   (4)    Timesheet for W. Doug Martin (Doc. 147-3)

   (5)    Affidavit of Melvin B. Wright (Doc. 148-1)

   (6)    Bill of Costs Under 28 U.S.C. § 1920 (Doc. 147-7)

   (7)    Annotated Cost Summary Report (Doc. 147-8)

The Court has also reviewed the proposal for settlement in the amount of $1,600,000.00 and finds the proposal for settlement was valid and made in good faith.[2]

---

[1] Defendant has not filed any opposition to Plaintiff's application for attorney's fees and costs and thus has waived the right to object to the reasonableness or accuracy of the fee application or the reasonableness of the costs sought by Plaintiff. Nevertheless, the Court shall independently review Plaintiff's submissions to assess the appropriateness of the request.

[2] Zachry Industrial has the burden of proving the absence of good faith in the proposal for settlement and has failed to address this issue in its response to Plaintiff's motion. *JES Props., Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1295 (M.D. Fla. 2006); *Camejo v. Smith*, 774 So. 2d 28, 29 (Fla. Dist. Ct. App. 2000).

7

Following a five-day jury trial, the jury found in favor of Plaintiff and awarded $6,560,000.00 in economic and non-economic damages. (Doc. 142). Accordingly, the jury's verdict and the judgment against Zachry Industrial exceeds Plaintiff's proposal for settlement by more than 25%. Plaintiff is therefore entitled to an award of attorney's fees and costs against Zachry Industrial from June 19, 2015, pursuant to section 768.79, Florida Statutes. As the prevailing party, Plaintiff is additionally entitled to recover from both Defendants costs incurred during the entirety of the litigation (less those costs already awarded pursuant to § 768.79, Florida Statutes) as the prevailing party pursuant to 28 U.S.C. § 1920.

Having found the statutory requirements for an award of attorney's fees and costs to have been met, the Court must now assess the reasonableness of the fees and costs sought. The evidence submitted by Plaintiff establishes that the following hours have been expended in the prosecution of this case since the proposal for settlement was tendered to Defendant:

|     |                              |       |
|-----|------------------------------|-------|
| (a) | W. Doug Martin, Esquire      | 292.1 |
| (b) | Kenneth J. McKenna, Esquire  | 150.1 |
| (c) | Donna M. Charrier, Paralegal | 64.0  |
|     | Total                        | 506.2 |

Based on the timesheets submitted by Plaintiff and the affidavit of Mr. W. Doug Martin, the Court finds that the hours expended by Messrs. Martin and McKenna and Ms. Charrier were reasonable and necessary.[3] The Court must now determine the reasonable hourly

---

[3]  While two Defendants were involved in this litigation, the claims involved a common core of facts and involved related legal theories such that the claim for attorney and paralegal fees associated with the prosecution of the case against Zachry Industrial is inextricably intertwined for purposes of an attorney's fee award with the prosecution

rate for Plaintiff's trial team.

The Court has reviewed the affidavit of Mr. Melvin Wright and notes that Mr. Wright is a preeminent trial attorney in Orlando, having earned his board certification as a civil trial specialist and having become board certified by the National Board of Trial Advocacy of the National Board of Legal Specialization and Certification which is accredited by the American Bar Association. Mr. Wright is also a member of the American Board of Trial Advocates and is a fellow in that organization. Mr. Wright's qualifications, experience, and his reputation in the legal community are beyond reproach. Equally important, Mr. Wright has vast experience in litigating and trying complex personal injury cases in state courts and in the district courts in Florida's Middle District. Based on Mr. Wright's assessment of Plaintiff's case, his familiarity with Messrs. McKenna and Martin, his knowledge of the instant litigation, and his experience in the Orlando legal community, Mr. Wright opines the following hourly rates are reasonable and customary relative to the specific claimants:

(a)   W. Doug Martin: 292.1 hours   x   $400/hour = $116,840.00

(b)   Kenneth McKenna: 150.1 hours   x   $550/hour = $82,555.00

(c)   Donna Charrier: 64 hours   x   $125/hour = $8,000.00

Total = $207,395.00

The Court finds the above hourly rates to be reasonable in light of the skills required to perform the requisite legal services, the likelihood that the acceptance of this

---

of the case against Defendant Sanders. *Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. Dist. Ct. App. 2002). Counsel for Zachry Industrial also represented Defendant Sanders and the damages and comparative fault issues applied equally to both Defendants.

particular employment would preclude other employment by the lawyers and staff, the amount involved, the time limitations imposed by the client, the nature and length of the professional relationship with the client, the experience, reputation, and ability of the lawyers and paralegals performing these services, and the fee customarily charged in the locality for similar legal services.

The Court has considered each of these factors in determining a reasonable hourly rate. The Court places significant weight upon the factors related to the skill, experience, reputation, and ability of Plaintiff's counsel in determining a reasonable hourly rate. Counsel for Plaintiff exercised considerable skill in assembling the correct team of expert witnesses to communicate to the jury the mid- and long-term consequences of the injuries sustained by Plaintiff, including psychological, emotional, physical, and economic damages. Counsel for Plaintiff were confronted by exceptionally qualified and credentialed expert witnesses who testified on behalf of Defendants, requiring Plaintiff's counsel to conduct detailed and sophisticated cross-examination of these witnesses. Moreover, counsel for Plaintiff attested to their inability to undertake other matters while concentrating on the instant case, and this litigation was handled on a contingency fee basis. The hourly rates sought by counsel, and the paralegal who supported this litigation, are within the norm for attorneys and paralegals of comparable skill and experience. Accordingly, the Court finds the number of hours expended by counsel, and by Ms. Charrier, as well as the hourly rates sought for such services is reasonable.

The Court now turns to the issue of costs. Plaintiff seeks $26,389.77 in prevailing party costs and $56,336.70 in post-proposal for settlement costs (for which Plaintiff has already excluded costs covered as prevailing party costs). Having reviewed the billing records and the affidavits of Mr. Martin and Mr. Wright, the Court finds the costs to be

appropriate and reasonable.

**III.    CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Attorney Fees and Costs (Doc. 146) is **GRANTED**.

2. Plaintiff, TIMOTHY DOUGLAS, shall recovery from Defendant, ZACHRY INDUSTRIAL, INC., attorney's fees and costs in the amount of **$290,121.47** plus interest at the legal rate from the date of the final Judgment until paid, for which sum let execution issue. Of this amount, Plaintiff shall be entitled to recover **$26,389.77** jointly and severally among Defendants, ZACHRY INDUSTRIAL, INC. and ROBERT SANDERS.

**DONE AND ORDERED** at Orlando, Florida this 5th day of November, 2015.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

11